**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

-----------------------------------------------------------------

| | | |
|---|---|---|
| TREVOR SCOTT, individually and | : | |
| on behalf of all others similarly situated | : | |
| 4116 Tyson Avenue | : | |
| Philadelphia, PA 19135; | : | CIVIL ACTION NO. _____ |
| | : | |
| Plaintiff, | : | **JURY TRIAL DEMANDED** |
| | : | |
| v. | : | |
| | : | |
| ROBERT HALF INTERNATIONAL INC. | : | |
| 2884 Sand Hill Road | : | |
| Menlo Park, CA 94025; AND | : | |
| | : | |
| COMCAST CORPORATION | : | |
| 1701 John F. Kennedy Blvd. | : | |
| Philadelphia, PA 19103 | : | |
| | : | |
| Defendants. | : | |

-----------------------------------------------------------------

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Trevor Scott ("Plaintiff") hereby brings this action against Defendant Robert Half International Inc. ("Robert Half") and Comcast Corporation ("Comcast") (together, "Defendants"), and alleges, upon personal belief as to his own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this complaint contending that Defendants have unlawfully failed to pay him and other similarly-situated individuals employed in the position of Incident Manager ("Class Plaintiffs") overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*

2.      Plaintiff was an employee of Defendants who was employed in the position of Incident Manager.  During the course of their employment, Plaintiff and Class Plaintiffs regularly worked more than forty (40) hours per week, but were not properly compensated for their work in that Plaintiff and Class Plaintiffs were not paid an overtime premium at 1.5 times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.  In this regard, Plaintiff contends that Defendants required him and Class Plaintiffs to continue working through unpaid meal breaks and beyond the end of their scheduled shifts, as well as during on-call shifts for which they received no additional compensation.  Accordingly, Plaintiff contends that Plaintiff and Class Plaintiffs are owed unpaid wages and overtime compensation which were denied them as a result of Defendants' unlawful pay practices.

3.      Plaintiff brings this action as a representative action under the FLSA and PMWA for monetary damages and penalties, to seek redress for Defendants' willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."  See 29 U.S.C. § 216(b).

5.      This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6.      This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

7.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

8.     Plaintiff Trevor Scott currently resides at 4116 Tyson Avenue, Philadelphia, Pennsylvania 19135.

9.     Upon information and belief, Defendant Robert Half International Inc. is a business corporation organized and existing under the laws of the State of Delaware, with a corporate headquarters located at 2884 Sand Hill Road, Menlo Park, CA 94025.  Upon information and belief, Defendant Robert Half operates throughout Southeastern Pennsylvania, providing staffing services out of several regional offices within this judicial district, including in Philadelphia, Reading, King of Prussia, and Bethlehem.

10.     Upon information and belief, Defendant Comcast Corporation is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a headquarters and office address registered with the Pennsylvania Secretary of State of 1701 John F. Kennedy Blvd., Philadelphia, PA 19103.

11.     Defendants are "private employers" and covered by the FLSA.

12.     Upon information and belief, Defendants Robert Half and Comcast are a joint, single, and/or integrated employer with respect to the individuals Defendant Robert Half places with Defendant Comcast in the position of Incident Manager (including the substantially similar positions of Incident Manager I and Incident Manager II), including, but not limited to Plaintiff and Class Plaintiffs.  Upon information and belief, Defendants share employees and collectively

assert control over said individuals for purposes of hiring, firing, discipline, assigned, directing, and setting and enforcing payroll and other administrative policies.

13.     Upon information and belief, Defendants are covered employers under the FLSA in that, during the course of Plaintiff's employment and subsequently, they had an annual dollar volume of sales or business done of at least $500,000, and have multiple employees (including, but not limited to Plaintiff and Class Plaintiffs) who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

14.     Plaintiff and, upon information and belief, Class Plaintiffs was/were employees who were engaged in commerce and employed by Defendants during all times relevant hereto and, as such, were employees entitled to the FLSA's protections.  See 29 U.S.C. 203(e).

15.     At all times relevant hereto, Defendants acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16.     Paragraphs 1 through 15 are hereby incorporated by reference as though the same were fully set forth at length herein.

17.     This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendants.

18.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendants in the position of Incident Manager or in positions with substantially similar job duties, who worked for Defendants at any point in the past three (3) years who were paid on an

hourly basis and denied overtime compensation at their regular rate of pay for all hours worked over forty (40) in a workweek ("Class Plaintiffs").  Plaintiff contends that Plaintiff and Class Plaintiffs were denied overtime compensation due to Defendants' policy and practice of failing to accurately track and compensate them for work they performed beyond their scheduled shifts and during unpaid meal breaks, as well as during on-call shifts.

19.     Plaintiff estimates that there are in excess of ten (10) other similarly situated Incident Managers who either are working or worked jointly for Defendants and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described above.  The precise number of employees can easily be ascertained by Defendants.  These employees can be identified and located using Defendants' payroll and personnel records.  Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

20.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly-situated.  Plaintiff and Class Plaintiffs were similarly denied overtime compensation at their regular rate of pay as a result of Defendants' unlawful pay practices detailed herein, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures.  Further, Defendants' willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendants have failed to pay Class Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have impacted Class Plaintiffs in the same fashion.

21.     Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendants, informing them of the pendency of this

action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of

seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## PMWA CLASS ACTION ALLEGATIONS

22.    Paragraphs 1 through 21 are hereby incorporated by reference as though the same

were set forth fully herein.

23.    Plaintiff brings this action individually, and on behalf of the following state-wide

class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil

Procedure:

> All persons presently or formerly employed by Defendants during the past three
> (3) years in the position of Incident Manager (including the positions of Incident
> Manager I and Incident Manager II), or in positions with substantially similar job
> duties who were paid on an hourly basis and denied overtime compensation for
> work performed in excess of forty (40) hours in a workweek.

24.    The members of the class are so numerous that joinder of all members is

impractical.  Class members may be informed of the pendency of this Class Action by direct

mail.

25.    Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law

and fact common to the Class, including, but not limited to:

A.    Whether Plaintiff and the Class are entitled to overtime compensation for

services rendered in excess of forty (40) hours per week under the PMWA;

B.    Whether Defendants acted as a joint, integrated, or single employer with

respect to Incident Mangers working for Defendant Comcast through Defendant Robert Half;

C.    Whether Defendants were required to count the work performed by

Plaintiff and the Class during their on-call shifts toward their total hours worked for purposes of

calculating overtime compensation under the PMWA;

6

D.      Whether Defendants required Plaintiff and the Class to perform work beyond their scheduled shifts and during unpaid meal breaks without receiving additional compensation;

E.      Whether Defendants failed to accurately track and maintain records of the hours worked by Plaintiff and the Class;

F.      Whether Plaintiff and the Class worked in excess of forty (40) hours per week; and

G.      Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount; and

26.     Plaintiff's claims are typical of the claims of the Class members.  Plaintiff is an employee of Defendants who was employed in the positions of Incident Manager I and Incident Manager II and has suffered similar injuries as those suffered by the Class members as a result of Defendants' failure to pay wages and overtime compensation.  Defendants' conduct of violating the PMWA has affected Plaintiff and the Class in the same way.

27.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

28.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

29.     Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.      The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants;

B.      Defendants, by failing to pay overtime compensation when it became due and owing in violation of the PMWA, have acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C.      The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

30.    A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.  Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## **FACTUAL BACKGROUND**

31.    Paragraphs 1 through 30 are hereby incorporated by reference as though the same were fully set forth at length herein.

8

32.     Plaintiff began his employment with Defendants in or around May 2018, when he was hired by Robert Half for placement as an Incident Manager II with Defendant Comcast.

33.     Plaintiff and, upon information and belief, all Incident Managers placed with Comcast by Robert Half, are compensated on an hourly, W-2 basis.

34.     In their capacities as Incident Managers, Plaintiff and Class Plaintiffs worked/work with and perform effectively the same job as Incident Managers who are employed directly and solely by Comcast.

35.     As Incident Managers, Plaintiff and Class Plaintiffs took/take direction from supervisors employed directly by Comcast, who set their work schedule and tasks and controls the manner in which they perform them.

36.     Plaintiff and, upon information and belief, all Incident Managers placed with Comcast by Robert Half, are required to submit their timesheets to Comcast for approval, which then sends them to Robert Half to render payment.

37.     Indeed, as detailed below, Comcast managers controlled the manner in which Plaintiff and, upon information and belief, other Incident Managers placed by Robert Half as Incident Managers with Comcast, filled out their timesheets, advising them not to report more than forty (40) hours per week, despite their having worked significantly more time.

38.     Upon information and belief, the primary difference between Incident Managers placed by Robert Half at Comcast and those employed directly and solely by Comcast is that the former are paid on an hourly basis, whereas the latter are paid on a salary basis.

39.     Plaintiff and, upon information and belief, Class Plaintiffs were required to provide their incident management services in accordance with specific guidelines, protocols, and trainings provided by Defendant Comcast.

9

40.     When Plaintiff was first hired by Defendants, he was told that he would be working forty (40) hours per week.

41.     Indeed, in May 2018, Plaintiff was originally scheduled to work from 8 am to 4:30 pm, with one thirty (30) minute unpaid meal break.

42.     However, from the beginning, Plaintiff rarely, if ever, received a full, uninterrupted meal break during the workday.

43.     Rather, Plaintiff and, upon information and belief, Class Plaintiffs were regularly forced to work through their meal breaks in order to keep up with their workload.

44.     Defendants knew that Plaintiff and Class Plaintiffs were working their unpaid meal breaks without compensation, but nevertheless continued to deduct one half hour from their compensation each day.

45.     Defendants did not maintain an effective mechanism for Plaintiff or, upon information and belief, Class Plaintiffs to report that they did not receive a meal break and request compensation for the same.

46.     Moreover, Plaintiff and, upon information and belief, Class Plaintiffs, were regularly required by Comcast management to "hang back" for "visibility" and continue working approximately fifteen (15) to thirty (30) minutes beyond their regular shifts Monday through Thursday.

47.     Nevertheless, despite thus often working one and a half (1.5) to two (2) extra hours per day between their missed meal breaks and post-shift work, for a total of approximately seven and a half (7.5) to ten (10) hours per week, Plaintiff and, upon information and belief, Class Plaintiffs were not permitted to report more than forty (40) hours per week on their timesheets.

48.     In or around late June 2018, after Plaintiff spent approximately one (1) month learning Comcast's system and undergoing training, Defendant Comcast also began assigning him one (1) twenty-four (24) hour on-call shift approximately every nine (9) days.

49.     In this regard, Plaintiff would be required to continue monitoring and addressing incidents remotely from the nominal end of his scheduled shift (originally, 4:30 pm) until the beginning of his next scheduled shift (originally, 8 am).

50.     During this time, Plaintiff was required to accept, review, and escalate incidents within a fifteen (15) minute window.

51.     In this capacity, Plaintiff would receive text message alerts randomly and frequently throughout the on-call period and would be required to accept the incident, open Comcast's SAP system, determine how to triage the incident, and send it to another team for review.

52.     Plaintiff would then have to wait (often for several hours) for the other team to respond and advise him what to do, after which he would coordinate the solution.

53.     The above required Plaintiff and, upon information and belief, Class Plaintiffs to be constantly engaged, whether reviewing and escalating incidents, coordinating solutions, or communicating with or awaiting communications from other Comcast employees, all subject to a tight timeframe requirement.

54.     If Plaintiff and, upon information and belief, Class Plaintiffs failed to comply with Comcast's expectations for the prompt response to, and escalation and resolution of incidents received while on call, they could be subjected to discipline.

55.     During a typical twenty-four (24) hour on-call shift, Plaintiff routinely performed several hours of actual work while being subject to severe constraints on his freedom of action

imposed by Comcast's fifteen (15) minute response window, which necessitated him remaining by his computer and capable of triaging incidents and communicating with multiple parties at a moment's notice.

56.     Plaintiff and, upon information and belief, Class Plaintiffs did not receive any additional compensation for their on-call shifts, nor did Defendants count the hours they spent performing work during the same toward their total "hours worked" for purposes of the FLSA and PMWA.

57.     In or around early 2019, Plaintiff complained to his contact with Robert Half, Recruiter Kevin Cassini ("Mr. Cassini"), that Comcast was not compensating him or his teammates for their on-call time, despite the fact that they were performing a significant amount of work while on call.

58.     Mr. Cassini responded, "I'll let my director know," referring to Christina Macias ("Ms. Macias").

59.     However, Plaintiff did not hear back from Mr. Cassini or Ms. Macias, and Comcast continued to require Plaintiff and Class Plaintiffs to perform this on-call work without any compensation.

60.     When Mr. Cassini checked in with Plaintiff again later that year, Plaintiff repeated his concerns about not being compensated for the on-call time.

61.     Mr. Cassini merely responded that he would "look into it."

62.     In or around December 2020, Plaintiff began working for a new syndication team under the direction of Patrick Cahill ("Mr. Cahill"), Senior Network Engineer for Comcast.

63.     At this point, Plaintiff's work schedule was changed to 9 am to 5 pm, although Defendants' practice of requiring him and his teammates to work beyond the nominal end of their scheduled shift continued.

64.     Additionally, in or around January 2021, Mr. Cahill increased the length of Plaintiff's and his teammate's on-call shifts from twenty-four (24) to forty-eight (48) hours, thereby increasing the amount of work Plaintiff and Class Plaintiffs performed without compensation.

65.     Plaintiff continued working for Defendants until October 6, 2021, when he was terminated for pretextual reasons.

66.     During a typical workweek prior to January 2021, Plaintiff and, upon information and belief, Class Plaintiffs generally worked at least fifty-five (55) hours per week, but were only paid for forty (40) hours.

67.     During a typical workweek from January 2021 to October 2021, Plaintiff and, upon information and belief, Class Plaintiffs generally worked at least sixty (60) hours per week, but were only paid for forty (40) hours.

68.     For example, during the workweek of August 30, 2021 to September 5, 2021, Plaintiff worked approximately forty-five (45) hours during and immediately following his scheduled forty (40) hour shift, including five (5) hours of uncompensated time during meal breaks and "hang back" time after his shifts ended, along with an approximately fifteen (15) hours of uncompensated time performing work for Defendants while on call September 4, 2021 and September 5, 2021, for a total of approximately twenty (20) hours of uncompensated overtime.

69.     Defendants failed to pay Plaintiff and Class Plaintiffs working as Incident Managers any overtime compensation for hours worked over forty (40) in a workweek.

70.     Plaintiff and Class Plaintiffs are/were paid on an hourly basis, and, as such, do not qualify for the executive, administrative, or professional exemptions under the FLSA/PMWA.

71.     Plaintiff and Class Plaintiffs do not have the authority to hire, fire, or discipline other employees of Defendants, nor do they make recommendations with respect to employee status changes to which Defendants gives substantial weight.

72.     Accordingly, Plaintiff and Class Plaintiffs do not qualify for the exemption for executive employees under the FLSA/PMWA.

73.     Plaintiff and Class Plaintiffs do not perform work directly related to Defendants' management or general business operations, nor do they exercise discretion or independent judgment regarding matters of significance to Defendants.

74.     Accordingly, Plaintiff and Class Plaintiffs are not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.

75.     Plaintiff's and Class Plaintiffs' primary duty did/does not include the performance of work predominately intellectual in nature requiring advanced knowledge in a field of science or learning acquiring through a prolonged course of intellectual instruction.  In this regard, Plaintiff's and Class Plaintiffs' job duties did not require the consistent exercise of discretion and judgment, as distinguished from the performance of routine mental, manual, and mechanical work.  Rather, Plaintiff and Class Plaintiffs were required to perform their job responsibilities in accordance with specific guidelines, protocols, procedures, and trainings provided by Defendants.

76.     Accordingly, Plaintiff and Class Plaintiffs are not exempt from overtime compensation pursuant to the exemption for learned professionals under the FLSA/PMWA.

77.     Finally, there are no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff or Class Plaintiffs.

78.     Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA and PMWA, non-exempt employees of Defendants and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

79.     As a result of Defendants' aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 201, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

80.     Paragraphs 1 through 79 are hereby incorporated by reference as though the same were full set forth at length herein.

81.     Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

82.     Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

83.     Defendants failed to accurately track and compensate Plaintiff and Class Plaintiffs for work performed during unpaid meal breaks, beyond their scheduled shifts, and during on-call shifts, thus failing to pay them overtime compensation for all hours worked over forty (40) in a workweek.

84.     As a result, Defendants failed to pay Plaintiff and Class Plaintiffs overtime compensation for all hours worked over forty (40) in a workweek at 1.5 times their regular rate of pay.

85.     The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

86.     Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

87.     Defendants are liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE,** Plaintiff prays for the following relief on behalf of himself and Class Plaintiffs;

A.      An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.      An Order from the Court ordering Defendants to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendants in the positions of Incident Manager (including Incident Manager I and II) or in positions with substantially similar job duties, who worked for Defendants at any point in the past three (3) years who were paid on an hourly basis and denied overtime compensation at their regular rate of pay for all hours worked over forty (40) in a workweek, and authorizing Plaintiff' counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this

lawsuit if they worked for Defendants during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

   C. Adjudicating and declaring that Defendants' conduct as set forth herein and above is in violation of the FLSA;

   D. Adjudicating and declaring that Defendants violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week;

   E. Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

   F. Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

   G. Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

   H. Awarding pre- and post-judgment interest and court costs as further allowed by law;

   I. Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

   J. For all additional general and equitable relief to which Plaintiff and the Class Plaintiffs may be entitled.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

88.     Paragraphs 1 through 87 are hereby incorporated by reference as though the same were fully set forth at length herein.

89.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees.  See 43 P.S. § 333.113.

90.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek.  See 43 P.S. § 333.113.

91.     By its actions alleged above, Defendants have violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff and Class Plaintiffs for all hours worked.

92.     As a result of Defendants' unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of himself and the Class Plaintiffs, prays for judgment against Defendants as follows:

A.     An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and their counsel as class counsel;

B.     An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C.     An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D.     An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## **JURY DEMAND**

Plaintiff hereby demand a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:   /s/ Michael Groh
Michael Murphy, Esquire
Michael Groh, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-021
murphy@phillyemploymentlawyer.com
mgroh@phillyemploymentlawer.com
Attorneys for Plaintiff

Dated: March 22, 2022

19

## DEMAND TO PRE\SERVE EVIDENCE

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and the Class/Collective Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.